**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4042**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

APRIL DAWN STILTNER, a/k/a April Laughlin,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, Chief
District Judge.  (1:08-cr-00024-jpj-pms-18)

Submitted:  July 14, 2009          Decided:  August 4, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Neil A. Horn, NEIL HORN, P.C., Roanoke, Virginia, for Appellant.
Zachary T. Lee, Assistant United States Attorney, Abingdon,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

April Dawn Stiltner pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Stiltner to 120 months of imprisonment. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Stiltner was informed of her right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether the district court erred in determining the amount of drugs attributable to Stiltner. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. This court then "'consider[s] the substantive reasonableness of the

2

sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert denied, 129 S. Ct. 476 (2008) . "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

The district court's determination of the drug amount involved is a factual issue reviewed for clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). Under the clear error standard of review, this court will reverse only if "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). At sentencing, the Government need only establish the amount of drugs involved by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 560 n.20, 562 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996).

3

We have reviewed the record and conclude that the district court did not clearly err in determining the amount of drugs attributable to Stiltner. We also find that the district court did not commit any procedural error in sentencing Stiltner and conclude that Stiltner's within-guidelines sentence is substantively reasonable.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Stiltner, in writing, of the right to petition the Supreme Court of the United States for further review. If Stiltner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stiltner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>